```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

THOMAS F. NEELY,

                   Petitioner,

vs.                              Case No. 2:07-cv-52-FtM-36SPC

STATE OF FLORIDA, FLORIDA ATTORNEY
GENERAL,

                   Respondents.
_____

## OPINION AND ORDER

### I.

Petitioner Thomas Neely (hereinafter "Petitioner") initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) on January 23, 2009.[1] Petitioner files the instant Petition to request immediate disposition of his violation of probation charges arising out of case number 02-518-CF before the Twentieth Judicial Circuit Court in Hendry County, Florida. In compliance with this Court's Order, Respondents filed a Response (Doc. #7, Response) moving to dismiss the Petition. Respondents attach supporting exhibits to the Response, including the relevant state court docket history and record of Petitioner's first appearance. See Doc. #7-2, Exhs. A-B. Petitioner has not filed a

---

[1] Based on the pleadings filed by Petitioner, it appears Petitioner was serving a sentence in Minnesota when he filed this action.

Reply to the Response, despite an Order directing him to do so.[2] See docket. Thus, the Court will rule on this matter without the benefit of a reply from Petitioner. For the reasons herein, the Petition is denied as moot.

II.

In 2002, Petitioner was charged by Information with possession of a firearm and five other felonies in the Twentieth Judicial Circuit Court, Hendry County, Florida. Exh. A. On July 14, 2003, Petitioner appeared before the circuit court judge and entered a *nolo contendere* plea on count three, the possession of firearm charge. The State *nolle prossed* counts one and two and dropped counts four, five, and six. Id. That same day, the circuit court judge sentenced Petitioner to time served based on his eight-month county jail term and to five years of probation on count three. Id.

On December 23, 2007, Petitioner was returned to Hendry County, Florida, based on a violation of probation warrant. On December 24, 2007, Petitioner appeared for his first appearance, and arraignment was scheduled for February 5, 2008. Exh. B. Petitioner's violation of probation hearing took place on March 18,

---

[2]All of the mail sent to Petitioner from January 2008 to present has been returned to the Court, marked undeliverable. Thus, Petitioner has not kept the Court apprised of his current address.

2008.  Id.  The circuit court judge revoked Petitioner's probation and sentenced Petitioner to four years in prison.  Id.

III.

As previously stated, Petitioner initiated the instant action on January 23, 2007, which is before the parole revocation hearing took place on March 18, 2008.  Petitioner filed the instant Petition raising the following one ground for relief:

> 6th Amendment "Lack of Speedy" disposition on Manditory [sic] Detainers Act.

Petition at 5.  In support of his claim, Petitioner states:

> Uniform Mandatory disposition of Detainers Act of 1958 calls for states to timely dispose of untried charges against a prisoner upon written request.  The State of Florida has charged me with probation violation and I agree! I wish to plead guilty and execute that sentence here in Minnesota.

Id.  As relief, Petitioner requests that the Court issue a mandamus directing the State of Florida to immediately proceed and conduct a hearing.  Id. at 8.

Respondents move to dismiss the Petition for two reasons.  See generally Response.  Respondents first submit that the Court should dismiss the Petition as moot because the case is already disposed in the Florida courts.  Response at 4.  Respondents further submit that to the extent the Petition is not deemed moot, the Interstate Agreement on Detainers Act (hereinafter "IAD") does not apply to detainers based on charges of violation of probation or parole.  Id. at 5 (citing Carchman v. Nash, 473 U.S. 716 (1985)).

Article III of the Constitution states that federal courts "may only adjudicate actual, ongoing controversies." Honig v. Doe, 484 U.S. 305, 317 (1988). "[A] claim is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969); Al Najar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001). Likewise, a habeas corpus petition is considered moot when it no longer involves "a case or controversy to litigate," i.e., when even a favorable decision on the merits would not entitle the petitioner to any additional relief. United States ex rel. Graham v. United States Parole Comm'n, 732 F.2d 849, 850 (11th Cir. 1984). Thus, if events occur subsequent to the filing of a lawsuit that deprive the court of the ability to grant the complaining party "meaningful relief, then the case is moot and must be dismissed." Al Najar v. Ashcroft, 273 F.3d at 1336. In fact, "dismissal is required because mootness is jurisdictional." Id.

A vary narrow exception to the mootness doctrine occurs when the alleged constitutional violation "is capable of repetition, yet evading review." Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515 (1911); Murphy v. Hunt, 455 U.S. 478, 482 (1982). Two conditions must be met to invoke this doctrine: 1) the challenged action must be of a short duration to be fully litigated; and 2) there exists a reasonable expectation that the **same complaining**

**party would be subjected to the same action again**.  <u>Christian Coalition of Ala. v. Cole</u>, 355 F.3d 1288, 1293 (11th Cir. 2004) (emphasis added); <u>Murphy v. Hunt</u>, 455 U.S. at 482.

Here, it is clear that Petitioner is not entitled to this narrow exception because there is not a reasonable expectation that Petitioner will be subject to the same action again. Petitioner is not challenging the violation of probation or subsequent sentence imposed for the violation of his probation. Instead, Petitioner filed the instant Petition to only request that the Court direct the Florida court to "proceed immediately with a hearing on the alleged [probation] violation." Petition at 8. Subsequent to Petitioner initiating the instant action, the hearing Petitioner requested was held on March 18, 2008. Consequently, without determining the IAD issue, the Court must dismiss this action as moot.

ACCORDINGLY, it is hereby

**ORDERED AND ADJUDGED:**

1. The Petition is **dismissed as moot.**

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this 5th day of January, 2010.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

SA: alj
Copies: All Parties of Record